**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Joshua Hoskins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50176 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Ali Henson, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Joshua Hoskins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50177 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Thielen, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Joshua Hoskins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50178 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Thielen, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Joshua Hoskins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50182 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Thielen, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Joshua Hoskins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50191 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Silva, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| Joshua Hoskins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 50215 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| Ali Decauw, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff is ordered to show good cause in writing why the Court should not impose sanctions for his failure to accurately disclose his financial resources in his March 2025, *in forma pauperis* (IFP) applications. Plaintiff's response is due by June 20, 2025. Defendants may submit their input along with any supporting documentation by June 27, 2025.

## STATEMENT

Plaintiff Joshua Hoskins is a frequent litigant in this judicial circuit. The Court's records show that Plaintiff has initiated more than seventy federal cases in the state of Illinois since 2009. He initiated the above captioned lawsuits—six in total—in May and June 2023. He applied for and was granted leave to proceed IFP in each of the six cases. He was incarcerated at the time but subsequently was released on parole in October 2023. He is not presently incarcerated.

It recently came to this Court's attention that Plaintiff was engaging in conduct that suggested his financial condition had improved.[1] Thus, on February 26, 2025, the Court ordered Plaintiff to do two things in each of the above-captioned cases: (1) pay the initial partial payment of the filing fee; and (2) submit a renewed IFP application so that the Court could determine his

---

[1] *See Hoskins v. Thielen, et al.*, No. 24C50242 (N.D. Ill.) (paid $405 filing fee in July 2024 and service fees); *Hoskins v. Thielen, et al.*, No. 24C50354 (N.D. Ill.) (paid $405 filing fee in August 2024 and service fees); *Hoskins v. Thielen, et al.*, No. 24C50357 (N.D. Ill.) (paid $405 filing fee in August 2024 and service fees).

2

ability to pay the remainder of the $350 filing fee. Plaintiff promptly paid the initial partial filing fee in each of the above-captioned cases. He also submitted an application to proceed *in forma pauperis* and a motion for extension of time. In two of the above-captioned cases, Plaintiff subsequently moved to withdraw his *in forma pauperis* application and motion for extension of time. In his motions to withdraw -- each of which is dated March 9, 2025 (five days after the March 4, 2025, signature on his *in forma pauperis* applications) -- Plaintiff stated that he did not have the money to pay the Court fee when he filed his *in forma pauperis* application but now no longer needs to proceed *in forma pauperis*. By way of further explanation, Plaintiff stated that he is working on paying the filing fees in his various cases, that he is "investigating employment," and "reaching out to relatives who own their business who can assist [him]." Plaintiff also made payments to the Court totaling $1,050 over the next eight days. *See Hoskins v. Thielen*, No. 23C50182 (N.D. Ill.) (paid $350 on March 10, 2025); *Hoskins v. Henson*, No. 23C50176 (N.D. Ill.) (paid $350 on March 17, 2025); *Hoskins v. Silva*, No. 23C50191 (N.D. Ill.) (paid $350 on March 17, 2025).

The Court is troubled by this sequence of events. "Proceeding *in forma pauperis* is a privilege," not a right. *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014). A litigant seeking to proceed *in forma pauperis* cannot selectively disclose his assets even if the assets are, in fact, limited. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) ("An applicant has to tell the truth . . . . he can't say, 'I know how the judge *should* rule, so I'm entitled to conceal material information from him.") (emphasis in original); *see also Coleman v. Calumet City*, 754 F. App'x 468, 469 (7th Cir. 2019) ("District courts may impose appropriate sanctions, including dismissal of a complaint with prejudice, against litigants who file *in forma pauperis* applications that contain intentional misrepresentations."). Additionally, the Court has a statutory obligation to take action if it determines that Plaintiff's allegation of poverty "is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff therefore must show good cause in writing why the Court should not impose sanctions for his failure to accurately disclose his financial resources in his March 2025 *in forma pauperis* applications. Any response to this show cause order must: (1) identify the amounts and source of all funds received by Plaintiff in the past year; (2) identify all accounts of any type in which Plaintiff maintains funds; (3) identify all accounts of any type in which a third-party maintains funds for Plaintiff's use; (4) itemize Plaintiff's monthly expenses; (5) provide documentation -- including but not limited to account statements, money order receipts, logs of electronic payments -- showing the source of the money used to pay Plaintiff's monthly expenses; (6) provide documentation showing the source of the money used to pay his filing and service fees since July 2024 (including the name of the individual who sent the money order to the Court (if sent by someone other than Plaintiff) and the date he received those funds (if the money order was sent by Plaintiff); (7) itemize by case name, number, court, and amount any settlement proceeds he received in the last 12 months; and (8) identify any and all settlements greater than $10,000 that he received during the past five years.

Failure to respond to this order will result in the Court imposing an appropriate sanction without Plaintiff's input.

Date: May 30, 2025  ENTER:

*Margaret J. Schneider*
United States Magistrate Judge